In re Petition for DISCIPLINARY AC-TION AGAINST Duane A. KENNE-DY, a Minnesota Attorney, Registration No. 55128.

No. A14–0570.

Supreme Court of Minnesota.

July 23, 2015.

ORDER

By opinion filed on June 10, 2015, we suspended respondent Duane A. Kennedy from the practice of law for a minimum of 30 days, effective 14 days from the date of the filing of the order. Respondent has filed an affidavit seeking reinstatement in which he states that he has fully complied with the terms of the suspension order, except for successful completion of the professional responsibility portion of the state bar examination. The Director of the Office of Lawyers Professional Responsibility does not oppose the request.

Based upon all the files, records, and proceedings herein,

IT IS HEREBY ORDERED that:

1. Respondent Duane A. Kennedy is conditionally reinstated to the practice of law in the State of Minnesota, effective July 25, 2015, subject to his successful completion of the professional responsibility portion of the state bar examination, and is placed on disciplinary probation for 2 years subject to the following terms and conditions:

(a) Respondent shall cooperate fully with the Director's Office in its efforts to monitor compliance with his probation. Respondent shall promptly respond to the Director's correspondence by its due date. Respondent shall provide the Director with a current mailing address and shall immediately notify the Director of any change of address. Re-spondent shall cooperate with the Director's investigation of any allegations of unprofessional conduct that may come to the Director's attention. Upon the Director's request, respondent shall pro-vide authorization for release of informa-tion and documentation to verify respon-dent's compliance with the terms of this probation;

(b) Respondent shall abide by the Minnesota Rules of Professional Con-duct;

(c) Respondent shall be supervised by a licensed Minnesota attorney, appointed by the Director, to monitor compliance with the terms of this probation. Within 2 weeks from the date of the filing of this order, respondent shall provide the Director with the names of four attor-neys who have agreed to be nominated as respondent's supervisor. If, after dil-igent effort, respondent is unable to lo-cate a supervisor acceptable to the Di-rector, the Director shall seek to appoint a supervisor. Until a supervisor has signed a consent to supervise, respon-dent shall on the first day of each month provide the Director with an inventory of client files as described in paragraph (d) below. Respondent shall make ac-tive client files available to the Director upon request; and

(d) Respondent shall cooperate fully with the supervisor's efforts to monitor compliance with this probation. Re-spondent shall contact the supervisor and schedule a minimum of one in-per-son meeting per calendar quarter. Re-spondent shall submit to the supervisor an inventory of all active client files by the first day of each month during the probation. With respect to each active file, the inventory shall disclose the client name, type of representation, date opened, most recent activity, next antici-pated action, and anticipated closing

date. Respondent's supervisor shall file written reports with the Director at least quarterly, or at such more frequent intervals as the Director may reasonably request; and

2. By June 10, 2016, respondent shall comply with Rule 18(e)(3), Rules on Lawyers Professional Responsibility (RLPR), by filing with the Clerk of Appellate Courts and serving upon the Director proof of respondent's successful completion of the professional responsibility portion of the state bar examination. Failure to do so shall result in automatic re-suspension pending proof of successful completion of the examination, pursuant to Rule 18(e)(3), RLPR.

BY THE COURT:

/s/_____
Alan C. Page
Associate Justice